**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAMEON COLE, #R-13404, ) | |
| *also known as* DIVINE DESIRE COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-01314-JPG |
| ) | |
| DR. COE, BETH TREDWAY, ) | |
| WEXFORD MEDICAL HEALTH ) | |
| COMPANY, PHIL MARTIN, ) | |
| and NURSE WAGNER, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Before the Court for consideration is Plaintiff Dameon Cole's[1] first amended complaint

(Doc. 6).  This case involves a claim that was severed from a lawsuit filed by Jarvis Postlewaite

and Dameon Cole on November 17, 2014 (Doc. 1).  *See Postlewaite, et al. v. Godinez, et al.*,

Case No. 14-cv-1281-JPG (S.D. Ill. 2014) ("original action") (Doc. 1).

Together, Plaintiffs Postlewaite and Cole commenced the original action without paying a filing

fee, filing a motion for leave to proceed *in forma pauperis* ("IFP motion"), or filing a complaint.

Plaintiffs identified their initial pleading as a "Petition for Preliminary Injunction Relief and to

Show Cause for a Temporary Restraining Order" (Doc. 1, original action), which the Court

construed as a complaint.  In that pleading, Plaintiffs Cole and Postlewaite raised unrelated

claims against different defendants.  The Court severed the claims into seven separate actions in

---

[1] Plaintiff's legal name is Dameon Cole.  However, Plaintiff Cole is a transgender inmate, who prefers to be called Divine Desire Cole (Doc. 6, p. 2).  Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff Cole.

an Order dated November 25, 2014 (Doc. 3, original action) (Doc. 1).  In each, Plaintiffs were instructed to file an amended complaint and an IFP motion by December 30, 2014.

Plaintiff Cole complied with both of these orders, by timely filing a first amended complaint (Doc. 6) followed by an IFP Motion (Doc. 8) in this severed case.  As instructed, Plaintiff Cole focused her pleading in this action on a claim that Defendant Coe failed to properly monitor her prescription hormone medication in violation of the Eighth Amendment (Count 7, original action).  In addition, Plaintiff Cole raised claims against four other defendants, and these claims are discussed herein.

The first amended complaint (Doc. 6) is now ripe for review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the first amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  When reviewing the allegations in light of this standard, the Court finds that the first amended complaint survives preliminary review.

## First Amended Complaint

According to the first amended complaint, Plaintiff Cole is a transgender inmate, who began her first course of prescription hormones in July 2014.  Defendant Coe placed Plaintiff Cole on two forms of hormone pills (Doc. 6, pp. 4, 6).  Plaintiff Cole has taken them ever since (Doc. 6, p. 4).  However, Defendant Coe did not order any bloodwork before or after prescribing the medication.  Plaintiff claims that additional monitoring is necessary.

Plaintiff Cole claims that Defendant Coe should examine her every three or four months.  Defendant Coe allegedly maintains that it is not necessary to follow up with Plaintiff Cole until

February 2015 (i.e., after six months) (Doc. 6, p. 4).  For this reason, Plaintiff Cole's requests to see Defendant Coe before that date have been denied.

The complaint goes on to list possible side effects of Plaintiff's medication[2] (Doc. 6, p. 5).  Some of these side effects may be obvious to Plaintiff, while others may not.  However, the complaint does not allege that Plaintiff is experiencing any of them.  Plaintiff Cole merely alleges that Defendant Coe should monitor her closely for signs of them.  In addition, Plaintiff Cole admits that she has a fear of blood clots, and a hormone patch (instead of pills) may reduce the risk of this particular side effect.  Plaintiff Cole now claims that Defendant Coe was deliberately indifferent to her serious medical needs when she refused to schedule a follow-up examination, order bloodwork, or offer a hormone patch as an alternative to pills.

Plaintiff names four other parties as defendants in this action.  They include Defendants Wexford Medical Health Company ("Wexford"), Tredway (assistant warden of programs), Martin (nursing director), and Wagner (nurse).  Plaintiff Cole claims that Defendant Tredway attended group therapy sessions for transgender inmates and was notified "through [the] prison system" when Defendant[3] did not make rounds (Doc. 6, p. 4).  Defendants Tredway and Wexford also allegedly "forced" her to take her medication in pill form, instead of a patch, saying, "either you take it or you don't" (Doc. 6, p. 6).  She alleges that these defendants care about the cost of the pill, but spend more on non-medical issues.  She also claims that they are deliberately indifferent to her fear of blood clots.

Finally, Plaintiff Cole alleges that Nurse Wagner provided her with a partial prescription refill on November 25, 2014 (Doc. 6, p. 6).  Plaintiff Cole asked Nurse Wagner for the full refill,

---

[2] Side effects that are listed in the complaint include an increased risk of: blood clots, diabetes, heart disease, gallstones, noncancerous tumors of the pituitary gland, low blood pressure, changes in heart rhythm, and high potassium levels (Doc. 6, p. 5).
[3] The complaint does not indicate which Defendant failed to make rounds.  Therefore, it is unclear whether Plaintiff Cole is referring to Defendant Coe, Defendant Tredway, or someone else.

which Nurse Wagner said would be provided.  After five days, Plaintiff Cole had not received the prescription refill and went on a hunger strike to protest her perceived lack of medical care. Plaintiff Cole and several other inmates wrote grievances to Defendants about the issue but received no response (Doc. 6, pp. 6-7).

Plaintiff Cole now sues Defendants for violating her right to receive adequate medical care under the Eighth Amendment.  She seeks monetary damages, declaratory judgment, and injunctive relief, including a preliminary and permanent injunction (Doc. 6, p. 8).

### Discussion

Consistent with the Court's memorandum and order dated November 25, 2014 (Doc. 1, p. 9), Plaintiff Cole shall be allowed to proceed in this severed case with the following claim:

**Defendant Coe failed to properly monitor Plaintiff Cole's prescription hormone medication in violation of her Eighth Amendment right to receive adequate medical care.**

(Count 7, original action) (Doc. 1, p. 9).  Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  Deliberate indifference involves a two-part test.  The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

At this early stage, the Court cannot dismiss Plaintiff Cole's claim that she was deprived of all monitoring by Defendant Coe, as she began her first course of hormone treatments. She alleges that no bloodwork was completed either before or after receiving prescription

hormone pills.   She also claims that her numerous requests for an appointment with Defendant Coe were denied.   According to the complaint, Defendant Coe also failed to monitor Plaintiff Cole for adverse side effects.   Although Plaintiff Cole does not allege that she experienced any side effects, the Court cannot ignore the allegations that no monitoring or bloodwork was offered at all, in light of the allegations that both were necessary.   Under the circumstances, the Court cannot dismiss this claim against Defendant Coe.

However, Plaintiff Cole cannot proceed with a claim that Defendant Coe failed to respond to her fear of blood clots by prescribing her preferred form of treatment, i.e., a hormone patch instead of pills.   Disagreements between an inmate and a medical provider about treatment decisions will not support a claim of deliberate indifference, and a defendant can never be held liable under Section 1983 for negligence, or even gross negligence.   *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not take sides in disagreements about a medical professional's judgment or techniques).   Accordingly, Plaintiff Cole's claim is limited to the alleged denial of adequate monitoring (including bloodwork) by Defendant Coe as Plaintiff Cole began her first course of hormone treatments.

### Dismissal of Parties & Claims

**A.      Defendant Wexford**

No Eighth Amendment claim has been stated against Wexford.   Defendant Wexford is a corporation that is allegedly responsible for providing medical care at the prison. However, Wexford cannot be held liable solely on that basis.   A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a

constitutional right.   *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).   *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford.   And although Plaintiff alludes to concerns regarding costs, the mere mention of such concerns is inadequate to state a claim against Wexford.   Accordingly, Plaintiff's Eighth Amendment claim against Wexford must be dismissed, and the dismissal shall be without prejudice.

**B.    Defendant Tredway**

Likewise, no claim has been stated against Defendant Tredway under the Eighth Amendment.   The first amended complaint indicates that Defendant Tredway, who is the assistant warden of programs, attended several group therapy sessions with Lawrence's transgender inmates (Doc. 6, pp. 2, 4).   She allegedly received notice when rounds were not made[4] (Doc. 6, p. 4).   Along with Defendant Coe, she also allegedly "force[d]" Plaintiff to take hormone pills instead of a patch, stating, "Either you take it or you don't" (Doc. 6, p. 6).

These allegations do not give rise to a deliberate indifference claim against Defendant Tredway.   Her attendance at group therapy sessions, without more, strays far from deliberate indifference.   To the contrary, this allegation suggests that Defendant Tredway supported this group of inmates by attending group therapy sessions with them.

The allegation that Defendant Tredway received "notice" when rounds were not made is simply too vague to suggest a claim.   The pleading must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court is obligated to accept factual allegations as true at this stage, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

---

[4] Given the vague allegations, the Court is not clear what this means.

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  This allegation is one such example.  Without more, Defendant Tredway and the Court lack sufficient notice of the nature of this claim, including the form of notice Defendant Tredway received, who failed to make rounds, what dates this occurred, and how this constituted deliberate indifference on the part of Defendant Tredway.

Finally, Plaintiff's allegation that she was "force[d]" to take pills is insufficient to state a claim of deliberate indifference, even at this early stage (Doc. 6, p. 6).  This claim, again, arises from a disagreement in the form of treatment offered.  Disagreements between an inmate and a medical provider about treatment state no deliberate indifference claim.  *See Gomez*, 680 F.3d at 864; *Norfleet*, 439 F.3d at 396; *Ciarpaglini*, 352 F.3d at 331; *Garvin*, 236 F.3d at 898.  Accordingly, the allegation that Plaintiff Cole was "force[d]" to take the pill provides no basis for relief under the Eighth Amendment.

## C.  Nurse Wagner

The first amended complaint also fails to articulate a viable Eighth Amendment claim against Defendant Wagner.  The only allegation against this defendant is that Nurse Wagner provided Plaintiff Cole with a partial refill of her prescriptions on November 25, 2014, and, when notified of the same, assured Plaintiff Cole that she would receive her pills (Doc. 6, p. 6).  However, Plaintiff did not receive her full prescription refills and went on a hunger strike to protest this deprivation on November 25, 2014.

These allegations fall short of stating a claim against Defendant Wagner for deliberate indifference based on this single encounter.  To begin with, the pleading does not allege that Plaintiff Cole missed a dose of her pills.  It does not describe any adverse side effects that she suffered as a result.  Instead, the allegations suggest that Plaintiff Cole simply did not possess her

full supply of pills.  Further, even if she missed one or more doses, the first amended complaint does not include any allegations suggesting that this resulted from the deliberate indifference of Defendant Wagner, as opposed to someone else.  Without more, the Eight Amendment claim against Defendant Wagner fails.

### D.   Defendant Martin

Plaintiff Cole complains that Defendant Martin, Lawrence's nursing director, failed to respond to her grievances and verbal complaints regarding the hunger strike and lack of medical care (Doc. 6, p. 7).  However, the fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The allegations do not suggest that Defendant Martin was personally involved in any decision to deny Plaintiff medical care.  Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Therefore, Defendant Martin's failure to respond to Plaintiff Cole's grievances provides no basis for relief in this action.

### E.   Hunger Strike

No Eighth Amendment deliberate indifference to medical needs claim arises from the fact that Plaintiff Cole went on a hunger strike (**Count 2**).  Plaintiff Cole chose to go on the hunger strike (Doc. 6, p. 7).  Defendants' failure to respond to her grievances about this issue does not amount to deliberate indifference under the Eighth Amendment or give rise to a Fourteenth Amendment due process claim for the reasons explained in the preceding section.  *See also*

*Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011) (no deliberate indifference to medical needs where, after twenty-five days on hunger strike, inmate is taken to medical ward).   Plaintiff Cole describes no symptoms giving rise to a request for medical care while she was on a hunger strike, and the Court will not guess what symptoms she might have experienced.   Her choice to go on a hunger strike, standing alone, does not give rise to a colorable Eighth Amendment or Fourteenth Amendment claim against any of the defendants.   Accordingly, **Count 2** shall be dismissed without prejudice.

### Relief Requested

In her request for relief, Plaintiff Cole seeks injunctive relief, in the form of a preliminary and permanent injunction that requires Defendants to provide her with a medical evaluation, a full prescription refill, and a hormone patch.   She has been allowed to proceed with Count 1 against Defendant Coe, and her request for injunctive relief shall be limited to that claim.

Plaintiff Cole's request for a preliminary injunction shall be denied.   Plaintiff Cole did not file a separate motion seeking any sort of immediate relief, such as a temporary restraining order or preliminary injunction, pursuant to Federal Rule of Civil Procedure 65.   Upon review of the first amended complaint, the Court can find no basis for granting a preliminary injunction.

In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) her underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction.   *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).   If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The pleading does not support Plaintiff Cole's request for a preliminary injunction under this standard.  According to the allegations, Plaintiff Cole will meet with Defendant Coe in February 2015 to address those concerns she has raised regarding her hormone treatments and blood work.  In the meantime, she describes no adverse symptoms or side effects that require more immediate treatment, only unsubstantiated fears of side effects.  And as already discussed above, Plaintiff Cole's decision to go on a hunger strike provides no basis for relief of any kind at this juncture.  Accordingly, the request for a preliminary injunction is hereby **DENIED** without prejudice.

The Court will save for another day, and a more complete record, the issue of whether permanent injunctive relief is warranted.  Based solely on this request for relief, the Court shall direct the Clerk to **ADD** Lawrence's Warden as a defendant, in his or her official capacity only. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

## Disposition

The Clerk is hereby directed to **ADD** the **WARDEN OF LAWRENCE CORRECTIONAL CENTER (official capacity only)** as a defendant, based solely on Plaintiff's request for permanent injunctive relief.

**IT IS ORDERED** that Plaintiff's request for preliminary injunctive relief is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **WEXFORD MEDICAL HEALTH COMPANY, TREDWAY, MARTIN,** and **WAGNER** are **DISMISSED** without prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS COE** and **LAWRENCE'S WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the first amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

In addition, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 29, 2015**

_s/J. Phil Gilbert_
**U.S. District Judge**